IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01511-WYD-BNB

PORT-A-POUR, INC., a Colorado corporation,

Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation and
MARK E. NELSON, an individual,

Defendants and Counter Claim Plaintiffs,

and

PORT-A-POUR, INC., a Colorado corporation,
JEROME J. DOHERTY, and
NEIL G. OBERG, individuals,

Counter Claim Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)   Jerome J. Doherty's **Second Motion to Compel and for Sanctions** [Doc. # 74, filed 3/11/2014] (the "Second Motion to Compel");

(2)   Defendants' **Motion for Blanket Protective Order** [Doc. # 77, filed 3/14/2014] (the "Motion for Protective Order"); and

(3)   **Motion to Quash Deposition of Drew Nelson** [Doc. # 80, filed 3/17/2014] (the "Motion to Quash").

I held a hearing on the motions on April 16, 2014, and made rulings on the record, which are incorporated here.

I previously granted an initial motion to compel and ordered the defendants "to provide complete responses to the interrogatories and produce all responsive documents, in compliance with the formalities of the Federal Rules of Civil Procedure. . . ." Order [Doc. # 68]. In doing so, I expressly overruled the defendants' objection that the interrogatories were overbroad "blockbusters."[1]

The defendants provided supplemental discovery responses on February 28, 2014. Rather than comply with my order, the defendants renewed the overruled objections and asserted additional objections not previously made. In an attempt to excuse their improper conduct, the defendants argue in opposition to the Second Motion to Compel:

> The Court ordered responses filed "in compliance with the formalities" of the rules. Those include the right to object. The Court's Order [ECF # 68] does not specify that responses be provided without objections. . . . Defendants included objections within "the formalities of the Federal Rules."

Response [Doc. # 86] at pp. 2-3.

The argument is strained, at best, and borders on being disingenuous. Continuing to assert objections previously overruled certainly is improper, and defense counsel knows it. In addition, Fed. R. Civ. P. 33(b) requires that discovery responses be provided within 30 days after service and that any objection not timely made is waived. My order, fairly read and in the light of Rule 33(b), precludes the assertion of new objections in the supplemental answers.

Although the defendants improperly asserted numerous objections to the interrogatories, the supplemental answers are comprehensive. On inquiry at the hearing, defense counsel

---

[1] This ruling was made orally. No party has ordered a transcript of the hearing, which occurred on February 13, 2014, and none exists. I recently reviewed the recording to confirm that I had overruled the "blockbuster" objection.

responded that no information was withheld based on any asserted objection. Defense counsel also admitted, however, that he had not told Mr. Doherty's counsel that the answers were complete, the objections notwithstanding, despite direct inquiry by Mr. Doherty's counsel.

There are other problems with the supplemental responses. First, the defendants responded to requests to identify documents supporting interrogatory answers by referring Mr. Doherty to "the documents already in disclosure, as well as those which will be provided by supplementation as discovery in this case progresses." Response to Interrogatory # 8 [Doc. # 86-1] at p. 11 of 37.[2] Rule 33(d), Fed. R. Civ. P., allows a party to answer an interrogatory by referring to business records, but the responding party must "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" or to give the interrogating party "a reasonable opportunity to examine and audit the records and to make copies. . . ." The defendants' response fails either to identify adequately the documents to be examined or to segregate and produce, on an interrogatory-by-interrogatory basis, the responsive document and produce them for inspection.

In addition, the defendants have withheld from disclosure the most important documents pending the resolution of a dispute over the form of a blanket protective order which the defendants contend is necessary to protect confidential and trade secret information. Here, the parties are direct competitors. The defendant argues that some of the responsive documents are so confidential that they should be available for inspection only by outside counsel and not by

---

[2]The reference is to the page numbers assigned by the court's CM-ECF system and not to the original pagination, which do not coincide.

the parties themselves.  Plaintiff's counsel responds in opposition to this restriction:

> The information that defendants seek protects as "highly
> confidential-outside counsel eyes only" is precisely the
> information Plaintiff needs to prepare and present its case.  The
> crucial issue here will be the similarities, or differences, between
> the parties' products, particularly the technical designs, drawings,
> specifications and functionality of the various products.
>
> . . .[T]he only way for Port-a-Pour to properly prove its allegations
> is for Doherty and Oberg--the developers of the disputed
> technology and inventors of the patented-protected technologies--
> to review Peak's allegedly proprietary designs, including their
> allegedly proprietary research, development and technical
> information at issue.

Response [Doc. # 84] at p. 3.

I will enter a blanket protective order which attempts to satisfy the needs of all sides. The parties may designate information for review by outside counsel's eyes only.  Where possible, they must produce two copies of the document: one unredacted for counsel's review; and a second, for review by the client, redacting the attorneys-eyes-only confidential information.  The receiving party may object to the designation either as unwarranted or as crippling to its ability to present its case.  If the parties cannot resolve the matter informally, the party designating the information as attorneys-eyes-only must bring a motion for protection under Fed. R. Civ. P. 26(c)(1)(G).

Most troubling of all of the lawyers' disputes is that contained in the Motion to Quash. Daniel Culhane, counsel for the plaintiffs, requested deposition dates for Drew Nelson, a non-party who is an officer of defendant Peak Innovations.  The dates requested were not available, but Mr. Nelson's counsel, Alan Blakeley, offered 12 alternative dates.  In addition, Mr. Blakeley stated:

> At this point, we can make Mr. Nelson available on one of those dates in Fort Collins without the need to issue a subpoena. If you wish to take his deposition other than in Fort Collins you will need to issue a subpoena. . . .

Exh. B [Doc. # 80-1] at p. 3 of 24.

In an email, Mr. Culhane responded:

> I am, once again, disappointed with your refusal to make the simplest arrangements without gamesmanship and expense. I requested dates for the week of March 24-29. You did not provide those dates, but instead provided dates in April. More to the point, as I read your email, you refuse to produce Drew Nelson without a subpoena unless I agree to conditions that you know to be unacceptable. . . . I will depose Mr. Nelson, in Denver, on a date and time that works for me. . . . If you would like to reconsider your position and simply produce Mr. Nelson, in Denver, without a subpoena, I will be happy to agree to one of the dates you provided. . . .

Exh. C [Doc. # 80-1] at p. 5 of 24.

In other words, the lawyers could not agree about whether to depose Mr. Nelson in Denver or in Fort Collins, cities approximately 64 miles distant. Mr. Culhane was available on the dates proposed by Mr. Blakeley and willing to take the deposition on one of those dates provided Mr. Nelson appeared in Denver without the necessity of a subpoena.[3] Mr. Nelson was willing to waive the subpoena requirement provided the deposition occurred in Fort Collins

---

[3] Mr. Culhane's argument, made orally at the hearing that he could compel the attendance of Drew Nelson, a non-party corporate officer, merely by notice and not through the commands of a subpoena, is wrong. To the contrary:

> Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice. . . .

8A Wright, Miller & Marcus, Federal Practice and Procedure (2010) § 2103 at pp. 478-79.

5

rather than in Denver.  Instead of compromising on the point, Mr. Culhane subpoenaed Mr. Nelson for a day he knew defense counsel were not available; Mr. Nelson's lawyers filed the Motion to Quash; and the matter was brought to hearing before me.  This is an abusive use of the clients' resources and of the judicial system.

Counsel have been engaged in discovery abuse and abusive litigation practices, and I will not tolerate it.  To attempt to cause the lawyers to live up to their professional and legal obligations, I will impose the following requirements before any motions or briefs are filed in connection with discovery matters:

(1) After the lawyers have exhausted their obligation to confer under D.C.COLO.LCivR 7.1(a), but before filing a motion or brief, the lawyers must meet with their clients, review the positions they are taking, and obtain their clients' direction to proceed.  All discovery motions and briefs filed in connection with discovery matters must contain a certificate that the lawyer complied with this requirement, that the client understands the action being taken, and that the client expressly directs that the action be taken;

(2) Each client involved in a discovery dispute must appear in person at any hearing concerning the dispute.  In the case of a corporate client, the president or chief executive officer must attend; and

(3) In the event I award a monetary sanction in connection with the discovery dispute, I will award it against the client in view of the certificate that the client directed that the action be taken.

IT IS ORDERED:

(1) The Second Motion to Compel [Doc. # 74] is GRANTED.  On or before April 23,

2014, the defendants shall provide supplemental discovery responses which contain full and complete answers to each interrogatory without the interposition of any objection. Where the answer refers the interrogator to documents rather than answering, the defendants must either (i) identify the responsive documents by Bates numbers, or (ii) produce the responsive documents, segregated on an interrogatory-by-interrogatory basis, for inspection and copying;

(2) The Motion for Protective Order [Doc. # 77] is GRANTED, and I will enter separately an appropriate blanket protective order as specified;

(3) The Motion to Quash is GRANTED. Drew Nelson shall appear for his deposition at a date and time as ordered pursuant to paragraph 5, below; in Fort Collins, Colorado; without the necessity of a subpoena;

(4) Prior to filing a motion or brief in connection with any discovery matter, the parties must comply with the following procedure:

> •After exhausting their obligation to confer under D.C.COLO.LCivR 7.1(a), but before filing a motion or brief, the lawyers must meet with their clients, review the positions they are taking, and obtain their clients' direction to proceed. All discovery motions and briefs filed in connection with discovery matters must contain a certificate that the lawyer complied with this requirement, that the client understands the action being taken, and that the client expressly directs that the action be taken;
>
> •Each client involved in a discovery dispute must appear in person at any hearing concerning the dispute. In the case of a corporate client, the president or chief executive officer must attend; and
>
> •In the event I award a monetary sanction in connection with the discovery dispute, I will award it against the client in view of the certificate that the client directed that the action be taken.

(5) On or before April 17, 2014, the parties shall submit a proposed schedule for all remaining depositions to be taken in this action, including the date, time, and location of the

deposition. I will make the proposed schedule an order of the court which may be altered only on further order. I will order, in my discretion, the date, time, and place of any deposition about which the parties cannot agree. No deposition may be taken other than as specified by court order.

Dated April 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge