**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 1:13-cv-1511 WYD-BNB

PORT-A-POUR, INC.
a Colorado corporation
    Plaintiff

v.

PEAK INNOVATIONS, INC.
a Colorado corporation, and
MARK E. NELSON
an individual
    Defendants, Counter Claim Plaintiffs and Third Party Plaintiffs

and

PORT-A-POUR, INC.
a Colorado corporation,
    Counter Claim Defendants

and

JEROME J. DOHERTY, and
NEIL G. OBERG
Individuals
    Third Party Defendants.

## REQUEST FOR JUDICIAL NOTICE AND AUTHENTICATION

Pursuant to Fed.R.Evid. 201(d) and 902(4), PLAINTIFF PORT-A-POUR, INC., respectfully requests this Court to take judicial notice of the documents recorded on May 12, 2004 in the public records of the United States Patent and Trademark Office at Reel 014622/Frame 0544 through Frame 0546, consisting of a Recordation Form Cover Sheet and an Assignment of Patent Application from Neil Oberg and Jerome J. Doherty to Port-a-Pour, Inc. dated April 30, 2014 (the "Assignment"). A true and correct copy of the Assignment, together with the USPTO's certification, is attached hereto as **Exhibit 1**.

Rule 201(d), headed "When mandatory," provides that "A court shall take judicial notice if requested by a party and supplied with the necessary information." Rule 201(b) provides that "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The existence and the recording of the Assignment on May 12, 2004, as well as the contents thereof, are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Specifically, the Assignment, including the authenticity of the document and the date upon which it was recorded, is certified by an officer of the United States Government agency, the USPTO, that maintains the records in question. The certification by the keeper of public records is not reasonably subject to question.

In addition, the Assignment is self-authenticating under Rule 902(4), because it is a certified copy of a public record, "certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph … (2)… of this rule." Subsection (2) of Rule 902 provides that documents purporting to bear the signature in the official capacity of an officer or employee of an agency of the United States Government and the seal of such agency are self-authenticating.

WHEREFORE, Port-a-Pour respectfully requests that the Court take judicial notice of the existence, contents, and recording of the Assignment with the USPTO on May 12, 2004 pursuant to Fed.R.Evid. 201, and the authenticity of the Assignment pursuant to Fed.R.Evid. 902.

DATED:   June 3, 2014                    Respectfully Submitted,

By:   s/ Daniel J. Culhane
Daniel J. Culhane
DANIEL J. CULHANE LLC
1600 Broadway, Suite 1400
Denver, Colorado 80202
Telephone:  (303) 945-2070
Fax:  (720) 420-5998
Dan@CulhaneLaw.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I certify that on May 18, 2014, I served a copy of the foregoing document on defendants' counsel of record via the Court's ECF system.


                    /s Daniel J. Culhane