IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01511-WYD-BNB

PORT-A-POUR, INC., a Colorado corporation,

    Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual

    Defendants and Counter Claim Plaintiffs

v.

PORT-A-POUR, INC. a Colorado corporation;

    Counter Claim Defendant.

**ORDER**

I.    INTRODUCTION

THIS MATTER is before the Court on three motions:  (1) Defendants' Motion for Judgment on the Pleadings as to Attorney Fees Prayer for Relief in First Amended Complaint filed June 20, 2014, (2) Plaintiff's Motion for Order to Take Judicial Notice and Affirm Standing Port-a-Pour to Enforce Patents filed August 27, 2014, and (3) Plaintiff's Motion for Rule 11 Sanctions Against Peak Innovations, Inc., Mark Nelson and Their Counsel of Record filed September 29, 2014.  These motions are fully briefed.  I now turn to the merits of the motions.

II.     ANALYSIS

    A.     Defendants' Motion for Judgment on the Pleadings

I first address Defendants' Motion for Judgment on the Pleadings as to Attorney Fees Prayer for Relief in First Amended Complaint. Defendants argue that Plaintiff's request for attorneys' fees should be stricken either based on Plaintiff's failure to plead law or facts supporting such a claim or because the underlying fee agreement is unconscionable and unenforceable.

Turning to my analysis, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). In reviewing a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011). To survive such a motion, "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id.* (quotation and internal quotation marks omitted).

I first address Defendants' argument that Plaintiff failed to plead law or facts supporting such a claim. They assert that a request for attorneys' fees stated only in a prayer for relief, as in this case, is insufficient to trigger fee shifting or an abrogation of the American Rule on attorneys' fees. The prayer in paragraph "O" of the First Amended Complaint is, according to Defendants, merely surplusage and must be stricken because it is not supported by any facts alleged. Defendants rely on, among

other cases, *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955). I reject this argument.

The Tenth Circuit in *Daniels* stated that "the prayer for relief is no part of the cause of action." Thus, the parties are only "entitled to such relief and to such judgment as the complaint. . . makes out." *Id.*; *see also Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011). In interpreting *Daniels*, Judge Babcock of this Court noted:

> While a plaintiff is charged with a duty of giving a short and plain statement of the asserted claims and a demand for judgment and relief, Fed.R.Civ.P. 8, *the test of a complaint pursuant to a motion to dismiss lies in the claim, not in the demand. Thus, the only issue on a motion [to] dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded.*

*Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998) (emphasis added).

In this case, Defendants' Motion for Judgment on the Pleadings does not challenge the claims brought by Plaintiff, which include patent infringement, trademark infringement, and violations of the Cyberpiracy Prevention Section and the Colorado Uniform Trade Secrets Act. Whether attorney fees are recoverable in connection with these claims is not a proper subject for adjudication under Rule 12 "as the prayer for relief is no part of the cause of action." *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) (citing *Hardeman v. Stewart*, 195 F. App'x 706, 707 (10th Cir. 2006)).

I also reject Defendants' argument that attorneys fees cannot be awarded because the underlying fee agreement itself is unenforceable and unconscionable. Defendants argue that there is no cap or ceiling on the percentage of fees awarded to counsel in the

fee agreement. Thus, they assert that the award of fees could be 100 percent of a settlement or judgment, or that in some cases, Plaintiff would owe its counsel *more* than what it receives in any settlement or judgment. Defendants also argue that the fee agreement is unenforceable because the attorney failed to disclose properly alternative fee arrangements or to explain adequately the fee agreement to the client. Again, I find that this argument is not properly the subject of a Rule 12(c) motion, as Defendants are not seeking judgment on a claim, as discussed in the previous section. Moreover, resolution of this issue is fact based and would require that I rely on pleadings outside the materials. This is inappropriate as to a Rule 12(c) motion, which is evaluated under the standards of Rule 12(b)(6).

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings as to Attorney Fees Prayer for Relief in First Amended Complaint is denied.

B.   Plaintiff's Motion for Order to Take Judicial Notice and Affirm Standing Port-a-Pour to Enforce Patents

This motion asks the Court to take judicial notice of the Assignment of Patents attached to the motion as Exhibit 1, and for an order affirming Port-a-Pour's standing to enforce the Patents in this case as the assignee of such Patents. Plaintiff argues that Defendants' refusal to acknowledge its standing to pursue its patent claims in light of the assignment is baseless and baffling, particularly in light of this Court's denial of Defendants' motion to dismiss the patent claims on the very same grounds. (ECF No. 133 at 14.) While at the time it issued its Order the Court saw no reason to take judicial notice of the Assignment because "Peak does not dispute the existence, contents and

recording of the documents," (*id.* at 18), Plaintiff asserts that Peak now indicates that it *does* intend to dispute the Assignment, and refuses to put this issue to rest.

I first grant Plaintiff's motion to the extent it requests that the Court take judicial notice of the documents recorded on May 12, 2004 in the public records of the United States Patent and Trademark Office ["USPTO"] at Reel 014622/Frame 0544 through Frame 0546, consisting of a Recordation Form Cover Sheet and an Assignment of Patent Application from Neil Oberg and Jerome J. Doherty to Port-a-Pour, Inc. dated April 30, 2014 (the "Assignment"), attached as Exhibit 1 to Plaintiff's motion. Defendants do not object to Plaintiff's request for the Court to take judicial notice of the existence or the recording of the assignment of the patents at issue.  I note that the Assignment, including the authenticity of the document and the date upon which it was recorded, is certified by an officer of the USPTO that maintains the records in question. The certification by the keeper of public records is not reasonably subject to question. In addition, the Assignment is self-authenticating under Fed. R. Evid. 902(4), because it is a certified copy of a public record, "certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph … (2)… of this rule."

Defendants object, however, to Plaintiff's request for the court to take judicial notice of the *validity* of the assignments.  They point to Plaintiff's contention that "[t]he existence and the recording of the Assignment on May 12, 2004, as well as the *contents thereof*, are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Pl.'s Motion at 2) (emphasis added.)

Defendants argue that this seeks not only judicial notice of recordation, but a back door ruling by the Court that the assignments are valid.  They further argue that the simple recording of a document by the USPTO as an assignment, without more, does not render it valid.

I agree with Defendants that the USPTO's "recording of a document pursuant to § 3.11 is not a determination by the office of the validity of the document or the effect that document has on the title to . . . a patent."  37 C.F.R. § 3.54 (emphasis added).  I also agree with Defendants that a court may take notice only of the authenticity and existence of public documents, not the validity of their contents.  *See, e.g., Eidson v. Medtronic, Inc.*, No. 13-CV-02049, 2014 WL 1996024, at *5 (N.D. Calif. 2014).  However, as clarified in its reply brief, Plaintiff is not seeking validation of the Assignment on the basis that it was merely recorded, nor is it asking the Court to take judicial notice of the validity of the Assignment.  Instead, it has submitted the Assignment to the Court, requested it to take judicial notice only of the Assignment's existence and filing, and moved for a ruling on the substantive validity of the Assignment to convey the Patents to Port-a-Pour so as to invest Plaintiff with standing to enforce the Patents.

On that issue, I note that "[t]he question of whether a patent assignment clause creates an automatic assignment or merely an obligation to assign is intimately bound up with the question of standing in patent cases."  *Abraxis Bioscience, Inc. v. Navinta, LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).  Thus, in a patent infringement suit, "'the

plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert standing." *Id.* (quotation omitted).

I held in connection with Plaintiff's previously filed Request for Judicial Notice and Authentication that "[i]t appears [from the Assignment] that Port-a-Pour has now provided evidence that Oberg and Doherty assigned the patents to Port-a-Pour, and that Port-a-Pour has standing to enforce the Patents." (Order of July 14, 2014, ECF No. 133, at 14.) I further stated that Defendants made "no substantive argument that the Assignment is ineffective to convey the Patents from Oberg and Doherty to Port-a-Pour", and "[t]o the extent Defendants believe the Assignment as produced is ineffective or invalid, they would need to file another motion setting forth a basis for such argument. (*Id.* at 14-15.) While Defendants have filed a motion for partial summary judgment that is currently pending, they did not argue therein that the assignment was invalid. Nor did they file any other motion contesting the validity of the assignment, despite my Order of July 14, 2014.

Defendants argue, however, in their response to Plaintiff's motion that they were deprived of the opportunity to examine the putative assignors, Mr. Doherty and Mr. Oberg, about the alleged Assignment as it was produced after discovery. I note, however, that they did not seek to reopen discovery so that this examination could occur. Moreover, Defendants concede that "whether an assignment of patent rights in an agreement is automatic or merely a promise to assign depends on the contractual language itself". *Abraxis Bioscience*, 625 F.3d at 1364. Defendants have not argued that the assignments are invalid as a result of the contractual language. Further, this

should have been filed through a motion as it is an issue of law for the court to resolve. *B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 136 (Colo. 1998). Defendants also have not argued that the contractual language is ambiguous, which is the only way that parole evidence such as Defendants' desire to inquire of Mr. Oberg or Mr. Doherty as to the validity of the assignments would be admissible.

In short, Defendants have raised no viable argument that my previous finding that it appears Plaintiff has standing to enforce the patents is wrong or should be reconsidered. While they argue that there are disputed facts regarding the validity of the Assignment, they have not pointed to any such facts.

Based upon my review of the Assignment, I find at this juncture that Plaintiff has demonstrated standing. By the Assignment, Mr. Oberg and Mr. Doherty did "hereby sell, assign and transfer to Assignee [Port-a-Pour], its successors and assigns, the entire right, title and interest, including the right of priority, in, to and under an application for Letters Patent of the United States entitled: Portable Concrete Plant Dispensing System, Filing Date 12/17/2003, Serial Number 10/738,845, and the invention(s) and improvement(s) set forth therein, and any and all continuations, continuations-in-part (C-I-P's), divisionals and renewals of and substitutes for said Letter Patent…" *See* Assignment at Reel 014622/Frame 0545. This language is not ambiguous. The application assigned by the Assignment (Serial No. 10/738,845) appears on the issued '904 Patent. As stated on its face, the '886 Patent (Doc. #23-2) is a "Division of application No. 10/738,845, filed on Dec. 17, 2003, now Pat. No. 6,876,904." It is axiomatic that the assignment of a patent application conveys with it all

patents issued from such application, including any divisionals, renewals and substitutes therefor. *Littlefield v. Perry*, 88 U.S. 205, 225 (1874).

Based on the foregoing, Plaintiff's Motion for Order to Take Judicial Notice and Affirm Standing Port-a-Pour to Enforce Patents is granted.

### C. Plaintiff's Motion for Rule 11 Sanctions Against Peak Innovations, Inc., Mark Nelson and Their Counsel of Record

Finally, Plaintiff seeks monetary sanctions under Fed. R. Civ. P. 11 against Defendants and their counsel in relation to Defendants' response to Plaintiff's Motion for Order to Take Judicial Notice and Affirm Standing Port-a-Pour to Enforce Patents, as well as Defendants' denial of Plaintiff's ownership of the Patents without any grounds or basis for that position. I deny this motion. While Defendants did not prevail on the position they took regarding the Assignment, I do not find that their position was frivolous or was presented for an improper purpose. I also deny Defendants' request in their response that the court should award them their attorneys' fees and costs.

### III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Judgment on the Pleadings as to Attorney Fees Prayer for Relief in First Amended Complaint filed June 20, 2014 (ECF No. 125) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Order to Take Judicial Notice and Affirm Standing Port-a-Pour to Enforce Patents filed August 27, 2014 (ECF No. 162) is **GRANTED**. Finally, it is

ORDERED that Plaintiff's Motion for Rule 11 Sanctions Against Peak Innovations, Inc., Mark Nelson and Their Counsel of Record filed September 29, 2014 (ECF No. 171) is **DENIED.**

Dated: January 20, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge