IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01511-WYD-NYW

PORT-A-POUR, INC., a Colorado corporation,

   Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual

   Defendants and Counter Claim Plaintiffs

v.

PORT-A-POUR, INC. a Colorado corporation;
JEROME J. DOHERTY; and
NEIL G. OBERG, individuals,

   Counter Claim Defendants.

**ORDER**

THIS MATTER is before the Court on a review of the Plaintiff's Notice of Withdrawal of Patent Infringement Claims and Election to Proceed to Trial on May 4, 2015 (ECF No. 205) and Defendants' Response to Plaintiff's Motion to Dismiss Patent Claims filed March 6, 2015 (ECF No. 206).  Plaintiff's Notice seeks to withdraw the patent infringement claims that I previously indicated were not properly developed, and to proceed to trial on the scheduled trial date of May 4, 2015.   Plaintiff also seeks to have the patent claims dismissed without prejudice.  I deny Plaintiff's requests.

Plaintiff indicates that I advised it that if it wishes to proceed to trial on May 4, 2015, it could voluntarily withdraw the patent infringement claims.  This is accurate to a degree,

but I did not address at the hearing on February 26, 2015, how the patent claims should be withdrawn (*i.e.,* by motion or notice) or whether the claims would be dismissed with or without prejudice. As Defendants correctly point out, Fed. R. Civ. P. 7(b)(1) states that all requests for a ruling or an order must be made by motion. Thus, Plaintiff's notice seeking an order of dismissal without prejudice of the patent infringement claims is improper. Moreover, Rule 41(a) does not apply to dismissals of less than all the claims in an action; instead, the Tenth Circuit has indicated the analysis should proceed under Rule 15. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 2010 WL 3630118, *3 (D. Colo. 2010) (citing *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996)). Plaintiff failed to move to amend under Rule 15, and did not confer with defense counsel as required under D.C.COLO.LCivR 7.1(d) before filing what essentially amounts to a motion.

Defendants state that if Plaintiff had conferred with them, they would have proposed (1) their stipulation to another amended complaint to remove the patent claims if Plaintiff agreed to dismiss those claims *with prejudice*; (2) provided that, Plaintiff would stipulate to an entry of judgment on Defendants' counterclaims of non-infringement; and (3) Plaintiff would stipulate to an entry of declaratory judgment on Defendants' counterclaims that the patents-in-suit are and have been invalid *ab initio*. Thus, Defendants clearly do not agree to the dismissal without prejudice of the patent infringement claims, and note that even if those claims were dismissed, the non-infringement and invalidity counterclaims would still be present as to the patents-in-suit. Their presence creates a problem with Plaintiff's request for dismissal of the patent infringement claims and its request that the trial date not be vacated. They

may also create a problem for Plaintiff in terms of the undeveloped nature of its patent claims.

In light of the foregoing, I am convinced that Plaintiff's request in its Notice to dismiss the patent infringement without prejudice should be denied. Since the claims have not been properly developed, the May 4, 2015 trial date and the Final Trial Preparation conference set April 16, 2015, are vacated. The parties are directed to contact Magistrate Judge Wang for a scheduling conference by Monday, March 16, 2015, regarding the patent claims and counterclaims. Magistrate Judge Wang is advised to use the Pilot Program Implementing Proposed Local Patent Rules as a guideline for the development of the claims.

It is therefore

ORDERED that Plaintiff's requests in its Notice of Withdrawal of Patent Infringement Claims and Election to Proceed to Trial (ECF No. 205) to dismiss the patent infringement with prejudice and proceed to trial on May 4, 2015, are **DENIED**. It is

FURTHER ORDERED that the eight day jury trial set to commence on May 4, 2015 and the Final Trial Preparation conference set April 16, 2015, at 11:00 a.m. are **VACATED**. Finally, it is

ORDERED that the parties are directed to contact Magistrate Judge Wang by **Monday, March 16, 2015,** for a scheduling conference regarding the patent claims.

Dated: March 9, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge