IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01511-WYD-BNB

PORT-A-POUR, INC., a Colorado corporation,

    Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual

    Defendants and Counter Claim Plaintiffs

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff Port-a-Pour's Motion to Strike filed January 22, 2016.  A response was filed on February 16, 2016, and a reply was filed on March 1, 2016.  Thus, the motion is fully briefed.

The motion asks the Court pursuant to Fed. R. Civ. P. 12(f)(2) to strike Defendants' affirmative defenses challenging the validity of the Licensing Agreement and/or the Confidentiality Agreements and Defendants' new counterclaim (Counterclaim Five) for "unjust enrichment/rescission" asserted in the Answer to Revised Second Amended Complaint, Affirmative Defenses, and Counterclaims of Peak Innovations, Inc. and Mark E. Nelson filed January 12, 2016 (ECF No. 244).  The Answer was filed in response to Plaintiff's Revised Second Amended Complaint and Jury Demand (ECF No. 239), which I accepted for filing by Order of December 17, 2015 (ECF No. 242).

More specifically as to the affirmative defenses, Plaintiff seeks to strike ¶ 38 (economic loss doctrine); ¶ 39 (Licensing Agreement is a "naked license and void"); ¶ 40 (preclusion of damages under Licensing Agreement), ¶ 41 (First Confidentiality Agreement is void); 42 (Second Confidentiality Agreement is void); ¶ 43 (agreements are illusory or unsupported by adequate consideration); ¶ 44 (agreements are too indefinite to enforce); ¶ 45 (agreements are unenforceable based on doctrine of mistake); ¶ 46 (agreements are unenforceable based on fraud or fraud in the inducement); ¶ 47 (unenforceable penalty clause); ¶ 48 (unenforceable damages clause); ¶ 50 (unintelligible according to Plaintiff, but purportedly relates to "coextensive" patents and trade secrets; ¶ 51 (covenant not to sue is conditional); ¶ 52 (patent invalidity—allegedly mispleaded as an affirmative defense to a claim that is not asserted); ¶ 53 (unintelligible according to Plaintiff, but Plaintiff states it appears to be a failure of consideration theory); ¶ 54 (unintelligible according to Plaintiff); ¶ 55 (unintelligible per Plaintiff, but Plaintiff states it appears to relate to enforceability of License Agreement); ¶ 56 (estoppel, laches, acquiescence); ¶ 58 (unintelligible and compound according to Plaintiff, but potentially relates to trademark, invalidity of contracts); ¶ 59 (unintelligible per Plaintiff, but Plaintiff states it appears to assert trademark invalidity); ¶ 60 (alleged frivolous and groundless allegation related to trademark); ¶ 61 (civil conspiracy claim fails); ¶ 122 (relating to a claim that this Court has already dismissed) and the Prayer for Relief ¶ B (disgorgement of "royalties").

In the alternative, given Plaintiff's contention that Defendants' new pleading, taken as a whole, massively expands and complicates the scope of the case on the eve of trial,

Plaintiff asserts that the Court should simply strike the entire pleading.  Plaintiff asserts that Defendants should then be ordered to file a narrow pleading that (a) admits and denies Port-a-Pour's allegations, and (b) reasserts, without adding any new allegations, any surviving counterclaims from defendants' previous pleading that are still viable. Plaintiff asserts that this is the approach taken by Judge Arguello in a similar case, *Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-cv-02151-CMA-KMT, 2014 WL 1213381 (D. Colo. March 24, 2014), discussed in more detail below.

Plaintiff argues that Defendants' affirmative defenses and counterclaims were improperly asserted without leave of court in violation of Fed. R. Civ. P. 15.  Further, Plaintiff argues that even if this Court treated Defendants' filing as a Rule 15 motion, many of the affirmative defenses and counterclaim are futile as a matter of substantive law because they are foreclosed by the election of remedies doctrine under controlling Colorado law.

Turning to my analysis, I first agree with Plaintiff that paragraph 122 of the Answer must be stricken because It reasserts a claim that was previously dismissed.  Defendant has not contested this in its response to Plaintiff's motion.

I next address Plaintiff's argument that the other alleged affirmative defenses outlined above and the new counterclaim must be stricken because they were filed in violation of Fed. R. Civ. P. 15(a)(2).  As Plaintiff recognizes, the Tenth Circuit has not appeared to address whether a defendant may file amended counterclaims and new affirmative defenses as of right in response to an amended complaint or whether and to what extent they must comply with Rule 15.  District courts in this Circuit have taken a

"range of positions", including: "(1) the permissive approach—which allows a defendant served with an amended complaint to amend its counterclaims without leave of court, regardless of the scope of changes made to the amended complaint; (2) the narrow approach—which permits amended counterclaims as of right only if they directly relate to the changes in the amended complaint; and (3) the moderate approach—leave to file an amended counterclaim is not required if the amended complaint does not change the theory or scope of the case; otherwise leave is required. *See Lawlis v. Moore Iron & Steel Corp.*, No. CIV-13-823-D, 2014 WL 7403854 at *2–3 (W.D. Okla. Dec. 30, 2014) (citing cases). *Lawlis* adopted yet another approach—to apply the Rule 15 standard equally to amended complaints and amended (or new) counterclaims. *Id.* at *3. The District of Kansas followed that approach in *Digital Ally, Inc. v. DragonEye Tech., LLC*, No. 13-CV-2290 CM/TJJ, 2014 WL 2865592, at *3 (D. Kan. June 24, 2014).

Judge Arguello of this Court, on the other hand, adopted the "moderate" approach in a situation where the defendant sought to add new affirmative defenses to an answer. *Woods*, 2014 WL 1213381, at *1. She was persuaded by the "well reasoned analysis" of the court in *Hydro Engineering, Inc. v. Petter Investments, Inc.*, No. 2:11-cv-00139-RJB-EJF, 2013 WL 1194732 (D. Utah March 22, 2010), and found that "the moderate approach strikes the appropriate balance between the narrow and permissive approach." *Id.* As the *Hydro Engineering* court explained, "[t]he rationale underlying this approach emphasizes the equitable treatment of the parties." 2013 WL 1194732, at *3. "'Since the amended pleader chooses to redo his original work, and receives the benefit of this nunc pro tunc treatment, he can hardly be heard to complain that claims filed against him are

improper because they should have been asserted in response to his original pleading.'" *Id.* (quotation and internal quotation marks omitted).

The *Hydro Engineering* court also explained the problems it perceived with the permissive and narrow approaches. As to the permissive approach allowing the defendant to assert counterclaims or defenses as of right no matter how minor or substantive the amendment to the complaint was, the court noted that this would allow "claims that would otherwise be barred or precluded" to be "revived without cause." *Id.*, 2013 WL 1194732, at *4. "This would deprive the Court of its ability to effectively manage the litigation.'" (*Id.*) (quotation omitted). On the other hand, it found that "the narrow approach seems overly restrictive in light of Rule 15's liberal directive that 'court[s] should freely give leave [to amend] when justice so requires." *Id.* at *4.

I adopt the reasoning of the *Hydro Engineering* court and Judge Arguello in the *Woods* case and find that the moderate approach is the best reasoned approach. It also appears to be the predominant approach taken by federal courts. *See Hydro Engineering*, 2013 WL 1194732, at *3. Thus, a defendant may assert new counterclaims and affirmative defenses without seeking leave of court under Rule 15 and may "'plead anew as though it were the original complaint'" only when a plaintiff files an amended complaint which changes the theory or scope of the case. *Woods*, 2014 WL 1213381, at *1 (quotation omitted). "'The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.'" *Id.* (quotation

omitted). However, I note that the same result would apply in this case if the approach taken in *Lawlis* were adopted.

I do not find it appropriate, particularly at a later stage of litigation such as this, to allow a defendant simply to assert new affirmative defenses and counterclaims as of right in response to an amended complaint even if it does not expand the scope of the case, *i.e.,* to follow the permissive approach. Indeed, this is inconsistent with Rule 15(a)(2)'s directive that an amended pleading at this stage of the litigation can only be filed with written consent of opposing counsel or the court's leave. Otherwise, the plaintiff could be unduly prejudiced. *See Lawlis*, 2014 WL 7403854, at *3. Moreover, I agree with the *Hydro Engineering* court that the narrow approach seems overly restrictive in light of Rule 15's liberal directive regarding amendment.

The question then becomes whether Plaintiff's Revised Second Amended Complaint expands the scope and theory of the case, as argued by Defendants. I find that Plaintiff did not expand the scope of litigation in the Revised Second Amended Complaint. Instead, it removed the patent infringement claims and thus "narrowed the issues in the case." *Lawlis*, 2014 WL 7403854, at *3. Moreover, Plaintiff did not add any new facts, and deleted the facts regarding the patents. The other claims in the Revised Second Amended Complaint remained the same and have been pending for nearly three years, including breach of contract claims regarding the Licensing Agreement and other agreements. As in *Woods*, Defendants are "not forced to respond to an entirely new cause of action or theory of recovery." 2014 WL 1213381, at *2.

While Defendants argue that the patents are tied to the breach of contract claims, this is not based on anything new in the Second Revised Amended Complaint. Thus, this does not support their argument that the scope and theory of the litigation has been expanded. Moreover, Defendant's questionable argument that the thrust of the litigation has changed from patent infringement from breach of contract, even if true, is immaterial. My analysis as to whether Defendants are required to seek leave of court to file new defenses and counterclaims focuses only on whether the Revised Second Amended Complaint itself expands the scope or theory of the case. For the same reason, the Covenant Not to Sue filed by the Plaintiff is immaterial to the analysis. Finally, I reject Defendants' argument that Plaintiff's abandonment of its patent infringement claims provides a basis for Defendants to modify their affirmative defenses into a counterclaim that there was no consideration for the agreements.

Accordingly, I find that Defendants were required to seek leave of court pursuant to Rule 15 to file new affirmative defenses and counterclaims. Defendants did not seek leave to amend under Rule 15(a)(2), and the new counterclaim and defenses are thus improper.

I also find that Defendants have not shown good cause for amending its Answer and Counterclaims. As in *Woods*, since the Answer and Counterclaims were filed after the deadline for amending pleadings, a two-step analysis applies to determine whether leave to amend is appropriate. First, I must determine whether Defendants have "shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b)." *Woods*, 2014 WL 1213381, at *2. Second, I must then evaluate whether Defendants have satisfied the

standard for amendment of pleadings under Fed. R. Civ. P. 15(a).  *Id.*  Here, as in *Woods*, Defendants "have failed to establish good cause because they have not provided any reason why they could not have reasonably met the deadline to amend despite their diligence."  Id. at *3.  I see no reason from my review of the new defenses and counterclaim that they could not have been asserted earlier.  And I find that Plaintiff would be significantly prejudiced by the addition of such defenses and counterclaims since the discovery deadline has expired, the dispositive motion deadline is less than two weeks away, and trial is set in August.

Defendants also failed to show good cause even under the more lenient standard under Rule 15.  Indeed, Defendants have made no attempt to argue that the requirements of either Rule 16(b) or 15 are met.  To the extent that Defendants argue that the new counterclaims/affirmative defenses merely clarify the previous Answer and Counterclaims, they did not adequately develop this argument.

Accordingly, I find that Plaintiff Port-a-Pour's Motion to Strike should be granted.  I further find that rather than striking the new defenses and counterclaim, the better course is simply to strike the entire pleading, as Judge Arguello did in the *Woods* case.  Since I am striking Defendants' responsive pleading, I need not address Plaintiff's alternative argument that the affirmative defenses and counterclaims denying the validity of the agreements must be stricken because they are futile.  Defendant shall file a responsive pleading without the addition of new defenses or counterclaims.

In conclusion, it is

ORDERED that Port-a-Pour's Motion to Strike filed January 22, 2016 (ECF No. 246) is **GRANTED**.  Defendant's Answer to Revised Second Amended Complaint, Affirmative Defenses, and Counterclaims of Peak Innovations, Inc. and Mark E. Nelson filed January 12, 2016 (ECF No. 244) is **STRICKEN.**  It is

FURTHER ORDERED that Defendants shall, on or before **Friday, April 8, 2016**, file a responsive pleading without the addition of any new defenses or counterclaims.

Dated:  March 31, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge