IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01511-WYD-BNB

PORT-A-POUR, INC., a Colorado corporation,

     Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual

     Defendants and Counter Claim Plaintiffs

---

## ORDER

---

     THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Defendants'

Patent Invalidity Counterclaims for Lack of Subject Matter Jurisdiction Under

Fed.R.Civ.P. Rule 12(b)(1) filed January 22, 2016.  A response was filed on February

16, 2016, and a reply was filed on March 1, 2016.  Thus, the motion is fully briefed.

     Plaintiff seeks to dismiss the patent invalidity counterclaims for lack of subject

matter jurisdiction based on the fact that it has withdrawn its patent infringement claims

and filed a Covenant Not To Sue (ECF No. 233) regarding those claims.  Plaintiff

asserts that the patent invalidity claims are rendered moot by the Covenant Not to Sue,

and that this Court is divested of jurisdiction over the claims.

     Turning to my analysis, a complaint may be dismissed under Rule 12(b)(1) for

lack of subject matter jurisdiction.  A facial attack on the complaint's allegations as to

subject matter jurisdiction "questions the sufficiency of the complaint."  *Holt v. United*

*States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  In reviewing a facial attack, the Court

"must accept the allegations in the complaint as true." *Id.*  On the other hand, a party

may go beyond allegations in the complaint (or counterclaim) and challenge the facts

upon which subject matter depends.  *Id.*  In a factual attack, as asserted here, the court

may consider matters outside the pleadings, and the motion is not converted to a

motion for summary judgment.  *Id.*  Thus, the parties' contentions that Plaintiff's motion

should be treated as a summary judgment motion are without merit.

     I now turn to the substance of Plaintiff's motion, asserting that the Covenant Not

to Sue it tendered on December 9, 2016 (ECF No. 233) renders the court without

subject matter jurisdiction over the patent invalidity counterclaims.[1]  I note that in *Dow*

*Jones & Co., Inc. v. Ablaise*, 606 F.3d 1338 (Fed. Cir. 2010), the court found that the

offer of a covenant not to sue for patent infringement for any acts of infringement of a

patent (past or future) was sufficient to divest the court of subject matter jurisdiction over

a suit for declaratory judgment of invalidity.  This was because the covenant

"extinguished any current or future case or controversy between the parties." *Id.* at

1348.  The *Ablaise* court noted that whether a covenant not to sue divests the court of

jurisdiction depends on what is covered by the covenant.  606 F.3d at 1346-47.  In

*Ablaise*, the plaintiff "on behalf of itself and any successors-in-interest to the '530

patent", released and unconditionally covenanted not to sue Down Jones or any of its

subsidiaries or divisions for infringement of the '530 patent "as of the date of this

---

[1] Plaintiff previously tendered a Covenant Not to Sue in connection with a Motion to Amend
Complaint to Withdraw Patent Infringement Claims filed in April 2015 (ECF No. 215), but modified the
Covenant in the filing at issue.

-2-

agreement based on Dow Jones' manufacture, importation, use, sale and/or offer of currently existing products or use of methods." *Id.* at 1345.  When Dow Jones asserted that the covenant did not extend to Dow Jones' past products or existing licenses, Ablaise clarified that the covenant extended to past products and use. *Id.*  The Court held that this "extinguishe[d] the controversy" between the parties, and divested the court of its Article III jurisdiction." *Id.* at 1349.

Similarly, in *Already, LLC v. Nike, Inc.*, ___ U.S. ___, 133 S. Ct. 721 (2013), the Supreme Court was called upon to address whether Already's counterclaim for trademark invalidity was moot in light of a covenant not to sue issued by Nike in connection with its trademark infringement claims against Already.  The Supreme Court noted that "a defendant cannot automatically moot a case simply by ending its unlawful conduct." *Already*, 533 S. Ct. at 727.  Under the voluntary cessation doctrine, it found it was Nike's burden to show that it 'could not reasonably be expected' to resume its enforcement actions against Already." *Id.*  The Supreme Court found that "[t]he breadth of the covenant suffice[d] to meet the burden imposed by" that test, stating:

> The covenant is unconditional and irrevocable. Beyond simply prohibiting Nike from filing suit, it prohibits Nike from making any claim *or* any demand. It reaches beyond Already to protect Already's distributors and customers. And it covers not just current or previous designs, but any colorable imitations.

*Id.*  The Court then stated, "[g]iven Nike's demonstration that the covenant encompasses of its allegedly unlawful conduct, it was incumbent on Already to indicate that it engages in or has sufficiently concrete plans to engage in activities not covered by the covenant." *Id.*  Since Already was unable to make that showing, the Supreme

Court affirmed the dismissal of Already's trademark invalidity counterclaim as moot "because the challenged conduct cannot reasonably be expected to recur." *Id.* at 729.

In this case, Port-a-Pour states in the Covenant that "[s]ubject only to the reservation of rights set forth in Section 2. . ., it "unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s)" against Defendants, their affiliated companies, predecessors, etc., "for infringement of the Port-a-Pour Patents . . .", including with respect to any product offered or sold by any of the Included Parties in the past" or sold in the future." It further states, "[t]his covenant shall preclude prosecution of the Patent Claims in the Lawsuit, and shall also preclude any claim or demand against the Included Parties in or relation to any future action." ECF No. 233, ¶ 1. Paragraph or Section 2 is titled "Reservation of Rights" and states:

> The foregoing Covenant extends solely and exclusively to the Patent Claims, and claims or demands for infringement of the Port-a-Pour Patents. Nothing contained herein shall be construed to waive, compromise, impair or affect any claim other than the Patent Claims . . ., including (a) any of Port-a-Pour's remaining claims or defenses in the Lawsuit. . ., which Port-a-Pour reserves and retains in full. **For example, while Port-a-Pour covenants not to raise infringement of the Port-a-Pour Patents as a predicate for its breach of contract claims, it reserves the right to assert breaches predicated on anything other than infringement of the Port-a-Pour Patents**. . . .

*Id.* (emphasis added)

I agree with Defendants that the Covenant Not to Sue is not unconditional as in the *Already* and *Ablaise* case. Instead, it is conditional in nature, specifically making the covenant in paragraph 1 subject to the following paragraph where Port-a-Pour reserves the right to assert breaches predicated on anything other than infringement of the patents. This arguably would allow Plaintiff to continue to litigate the patents in

connection with the breach of contract and/or trade secrets claims, and Plaintiff has not denied that it may do so.  While I agree with Plaintiff that a breach of contract claim is legally distinct from a patent infringement claim, the Confidentiality Agreements at issue specifically encompass the patents and the Licensing Agreement incorporates the Confidentiality Agreements by reference.

Plaintiff argues, however, that the alleged invalidity of the patents cannot conceivably be a defense to the breach of contract claims.  While I agree with Plaintiff that the agreements do not necessarily implicate the validity of the patents, and that they make no representation as to the validity of the patents, Defendants argue that the patents provided the primary consideration for the agreements and that their validity could be put at issue that way.  While I make no determination as to the merits of that argument, it does provide an example of how validity could become an issue at trial. Moreover, Defendants note that Plaintiff's Responses to Discovery Requests submitted February 2, 2016, arguably encompass the patents as part of Plaintiff's trade secrets. (*See* ECF # 250-1.)  Again, validity could arguably become an issue if Plaintiff relies on the patents in connection with that claim.

Thus, while I agree with Plaintiff that the Covenant Not To Sue may have extinguished any future case or controversy between the parties regarding infringement of the patents, it does not appear to extinguish the current controversy that exists regarding the patents in connection with the breach of contract and/or trade secrets claims.  It is simply unclear at this juncture to what extent evidence about the patents will be introduced in connection with Plaintiff's non-infringement claims, and if so,

whether their validity will become an issue.  This will depend on the evidence presented at trial.  If validity of the patents is put at issue during the trial, Defendants should be allowed to present evidence to support their counterclaim of invalidity.  Accordingly, I reject Plaintiff's arguments that the patent invalidity claims are necessarily, as a matter of law, rendered moot by the Covenant Not to Sue.  However, I note that before I will allow any evidence of the invalidity counterclaims, Defendants must show that such claims may be legally asserted in connection with the type of evidence presented at trial.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Dismiss Defendants' Patent Invalidity Counterclaims for Lack of Subject Matter Jurisdiction Under Fed.R.Civ.P. Rule 12(b)(1) is **DENIED**.  The invalidity counterclaims are not necessarily mooted by the Covenant Not to Sue.  Whether Defendants are allowed to assert them at trial will depend on the evidence presented regarding the patents.

Dated:  April 4, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge