IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01511-WYD-BNB

PORT-A-POUR, INC., a Colorado corporation,

 Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual

 Defendants and Counter Claim Plaintiffs

---

# ORDER

---

 THIS MATTER is before the Court on Defendants' Motion for Declaration of Exceptional Case Warranting Attorneys' Fees Under 35 U.S.C. § 285 or in the Alternative for an Award of Attorneys' Fees Under the Court's Inherent Authority filed February 29, 2016.  Defendants request an award of fees in the amount of $139,702.83 as well as the amount of time prosecuting the motion for fees.  A response was filed on March 11, 2016, and a reply was filed on March 25, 2016.  Thus, the motion is fully briefed.

 Defendants first seek attorney fees under 35 U.S.C. § 285, which authorizes a district court "in exceptional cases" to "award reasonable attorney fees to the prevailing party."  I find that attorney fees are not properly awarded under that statute.  While Defendants assert that they are the prevailing party because the patent infringement claims have been abandoned, I disagree.  The patent infringement claims were voluntarily withdrawn by Plaintiff pursuant to an unopposed motion to amend the

complaint under Fed. R. Civ. P. 15(a)(2).  Plaintiff's motion to amend was granted by the court without any conditions, and no ruling on the merits was made as to the patent infringement claims.  Defendants did not receive a judgment in their favor on the claims, nor were they awarded any relief by the court.  *See Buckhannon Bd. and Care Homes, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001) (finding that to be a prevailing party, one must "'receive at least some relief on the merits of his claim'" that materially alters the legal relationship between the parties).  While Plaintiff has tendered a Covenant Not to Sue in connection with the patent infringement claims, Defendants have provided no authority that this makes them a prevailing party.  Moreover, Defendants are not prevailing parties on their patent invalidity counterclaims, as those claims are still pending and have not been adjudicated on the merits.

Defendants' reliance on *Brilliant Optical Solutions, LLC v. Comcast Corp.*, No. 13-cv-00886-REB, 2015 WL 1476691-REB (D. Colo. March 27, 2015), is misplaced.  There, fees were awarded under 35 U.S.C. § 285 in a situation where the plaintiff moved to dismiss patent infringement claims without prejudice after Comcast provided two licenses to use the patents which Judge Blackburn found were a complete defense to the infringement claim.  Judge Blackburn did not specifically address the issue of whether Comcast was a  prevailing party.  As to whether the case was exceptional, he found based on the licenses that the prosecution of the infringement claim "constituted objectively unreasonable conduct that is sufficiently exceptional to justify an award of attorney fees under § 285."  *Id.* at *3.  In this case, there is no suggestion or evidence that Plaintiff sought to withdraw the patent infringement claims based on a defense tendered by Defendants.  Instead, the parties were advised by the court that the patent

claims and counterclaims had not been adequately developed.  (*See* Order of February 3, 2015, ECF No. 195.)  When given the chance to develop the claims through a new scheduling order to be entered by Magistrate Judge Wang, Plaintiff chose instead to move to amend the complaint to withdraw the claims so that the case could move forward more expeditiously.[1]

In the alternative, Defendants request that the Court order attorney fees under its inherent authority to manage litigation.  A court has inherent power to impose attorney's fees as a sanction "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quotations and internal quotation marks omitted).  Thus, "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party, . . . as it may when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'"  *Id.* at 46 (quotations omitted).  However, the Supreme Court cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Id.* at 44.  Thus, unlike "many of the other mechanisms" for awarding fees, the court's inherent power to impose fees as a sanction does not extend to conduct which merely fails to meet a reasonableness requirement.  *Id.* at 47.

I find that fees are not appropriate as a sanction in this case under the inherent power of the court to award fees.  I find no evidence of bad faith or vexatious, wanton or

---

[1] The case of *Summit Date Sys. v. EMC Corp.*, No. 10-749-GMS, 2014 WL 4955689 (D. Del. Sept. 25, 2014) is also inapposite.  First, the parties did not dispute that the defendant was the prevailing party.  *Id.* at *3.  Second, the court found that the plaintiff knew its claim was barred by a license that it concealed from the defendant.  *Id.*

oppressive conduct by Plaintiff. Defendants' argument, at most, challenges Plaintiff's conduct in connection with the patent claims as unreasonable. Whether or not this is true, this is not sufficient to justify an award of fees under the court's inherent authority. Indeed, the cases Defendants cite where fees were awarded are nothing like the case at issue, and involve conduct much more egregious. *See, e.g., Chambers*, 501 U.S. at 41, 50 (finding that the district court did not abuse its discretion in ordering fees under its inherent power when the plaintiff "(1) had attempted to deprive the court of jurisdiction by acts of fraud, nearly all of which were performed outside the confines of the court, (2) filed false and frivolous pleadings, and (3) 'attempted, by other tactics of delay, oppression, harassment and massive expense to reduce [NASCO] to exhausted compliance"); *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 355056 (D. Del. 2015) (indicating that award of fees were made under the court's inherent authority where the plaintiff initiated the patent infringement suit without a good-faith belief that the accused instrumentalities infringed the patent "and then continued to litigate the case via a misleading and prejudicial trial strategy").

Finally, I make some additional observations regarding Defendants' request for fees. While not dispositive of my ruling since I find that fees are not appropriate in the first instance, I note that they impact the reasonableness of the fees sought. First, I agree with Plaintiff that Defendants do not differentiate between fees sought for their patent invalidity counterclaims versus their defense of the patent claims. It seems likely that much of the work and fees expended on the patent infringement claims will be useful in connection with the patent invalidity counterclaims which remain in the case at this juncture. *See Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-

PAB-KMT, 2010 WL 3630118, at *8 (D. Colo. Sept. 9, 2010).  Moreover, Defendants' argument that the patent infringement claims were "at the center" of the litigation is at odds with my finding that the patent invalidity claims and the patent counterclaims were not adequately developed for trial.  Indeed, as noted in my Order of February 3, 2015, neither side designated an expert in connection with these claims, and the parties did not address these claims in the summary judgment motions.  (ECF No. 195 at 2.)

In conclusion, it is

ORDERED that Defendants' Motion for Declaration of Exceptional Case Warranting Attorneys' Fees Under 35 U.S.C. § 285 or in the Alternative for an Award of Attorneys' Fees Under the Court's Inherent Authority (ECF No. 257) is **DENIED**.

Dated:  April 13, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge