**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-1511-WYD-NYW

PORT-A-POUR, INC., a Colorado corporation,

      Plaintiff,

v.

PEAK INNOVATIONS, INC., a Colorado corporation, and
MARK E. NELSON, an individual,

      Defendants and Counterclaim-Plaintiffs,

v.

PORT-A-POUR, INC., a Colorado corporation;
JEROME J. DOHERTY; and
NEIL G. OBERG, individuals,

      Counterclaim Defendants.

_____

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR LEAVE TO
DISCLOSE EXPERT WITNESS**
_____

Magistrate Judge Nina Y. Wang

      This action comes before the court on Defendants' Emergency Motion for Leave to Disclose Expert Witness ("Defendants' Emergency Motion") [#272, filed Apr. 12, 2016], which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated June 18, 2013 [#9], the Reassignment dated February 9, 2015 [#196], and the Memorandum dated April 13, 2016 [#273]. This court has reviewed the Parties' briefing, the entire court docket, and the applicable case law. Being fully appraised of the circumstances, this court GRANTS Defendants' Emergency Motion for Leave to Disclose Expert Witness.

## BACKGROUND

Plaintiff Port-a-Pour ("Plaintiff" or "Port-a-Pour") initiated this action by filing a Complaint and Jury Demand on June 12, 2013. [#1]. In that Complaint, Port-a-Pour asserted a claim for infringement of United States Patent No. 7,050,886 ("'886 Patent"), and alleged that the infringement was and continued to be willful. [*Id.* at ¶¶ 35-41]. Port-a-Pour also alleged that Defendants Peak Innovations, Inc. ("Peak") and Mark E. Nelson ("Nelson") (collectively, "Defendants") conspired to infringe the '886 Patent. Port-a-Pour also alleged claims for trademark infringement; violations of the Cyberpiracy Prevention provisions of the Lanham Act; trade secret misappropriation under the Colorado Uniform Trade Secrets Act; breach of a licensing agreement between Port-a-Pour and Peak; and breach of confidentiality agreements between Port-a-Pour and Defendants. [#1]. Port-a-Pour then amended its Complaint on July 10, 2013, to add a claim for infringement of United States Patent No. 6,876,904 ("'904 Patent") [#23]. In their Answer to the Amended Complaint, Defendants asserted defenses of non-infringement and invalidity of both the '904 and '886 Patents (collectively, "Patents-in-Suit"), and counterclaims for a declaratory judgment of non-infringement and invalidity of both Patents-in-Suit. [#28].

The court entered a Scheduling Order for the case on November 1, 2013. [#41]. In that Scheduling Order, a deadline for affirmative experts was set for January 15, 2014, and for rebuttal experts on March 15, 2014. [*Id.* at 11]. During this initial timeframe for the designation of experts, it appears that neither Party designated an expert to address the validity of the Patents-in-Suit. The Parties then filed respective Motions for Partial Summary Judgment, each seeking summary judgment of either infringement or non-infringement. [#130, #144]. In an Order setting a hearing on the patent issues, the presiding judge, the Honorable Wiley Y. Daniel

noted that "neither side has designated an expert in connection with [the patent infringement] claims; yet, issues have been raised in the cross motions for partial summary judgment as to whether lay testimony alone is sufficient to prove patent infringement and/or the invalidity of the patent." [#195]. A week later, the court denied the Parties' cross-motions for partial summary judgment. [#197].

After the denial of the cross-motions for summary judgment, Judge Daniel then referred the matter to the undersigned Magistrate Judge for scheduling purposes associated with the patent claims. The entry of a Scheduling Order related to the patent claims was then delayed as Plaintiffs attempted to dismiss both the patent infringement claims and the patent invalidity and unenforceability counterclaims. Ultimately, Judge Daniel denied Plaintiff's Motion to Dismiss Defendants' Patent Invalidity Counterclaims for Lack of Subject Matter Jurisdiction, "reject[ing] that Plaintiff's arguments that the patent invalidity claims are necessarily, as a matter of law, rendered moot by the Covenant Not to Sue." [#266 at 6]. Judge Daniel further explained that "before I will allow any evidence on the invalidity counterclaims, Defendants must show that such claims may be legally asserted in connection with the type of evidence presented at trial." [*Id.*].

Defendants now move the court to allow the designation of an expert witness for the purpose of invalidity of the Patents-in-Suit. [#272 at 1]. Plaintiff has responded [#277], and this motion is now ripe for disposition. D.C.COLO.LCivR. 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## ANALYSIS

Rule 16(b)(4) provides that a scheduling order may be modified upon the showing of good cause and with the court's consent. Fed. R. Civ.P. 16(b)(4). Consideration of good cause

3

focuses on whether the moving party has been diligent in seeking to modify the scheduling order to permit the proposed amendment. *See Pumpco, Inc. v. Schenker Inern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Defendants argue that they have contemplated the designation of an invalidity expert since November 2, 2013, and again reiterated that desire in the proposed schedule filed April 1, 2015. [#272 at 2]. Plaintiff contends that Defendants have not been diligent, characterizes Defendants' lack of an expert as a "tactical decision," and argues that they should be precluded from designating an invalidity expert. [#277].

This court respectfully disagrees with Plaintiff. In his February 3, 2015 Order, Judge Daniel noted that "neither side has designated an expert in connection with [the patent infringement] claims." [#195 at 1]. He then referred the matter to this Magistrate Judge for scheduling of any remaining patent issues—an effort that was stymied by a continuing dispute over whether the patent infringement claims could be dismissed at that point in this case, and whether the court would be divested of jurisdiction over any counterclaims of patent invalidity through Plaintiff's covenant not to sue. Judge Daniel ruled on April 4, 2016 that the patent invalidity defense may be permitted, depending upon the arguments presented at trial on the breach of contract claim. [#266]. Eight days later, Defendants sought relief from the court to designate an invalidity expert. [#272]. This court finds that Defendants were diligent in their efforts to amend the Scheduling Order in this case, once the court resolved the issue of whether the invalidity counterclaim could remain in this case and good cause exists to set a schedule for the disclosure of experts, limited to the issue of invalidity of the Patents-in-Suit. Nevertheless, due to the upcoming trial date and the age of this case, this court will set an expedited schedule for the disclosure of experts and the exchange of related information as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Defendants' Emergency Motion for Leave to Disclose Expert Witness [#272] is **GRANTED**;

(2)     The Motion Hearing previously set for May 6, 2016 is **VACATED**;

(2)     Defendants may designate an expert and provide any disclosure required by Rule 26(a)(2) on the issue of invalidity of the Patents-in-Suit no later than **May 17, 2016**;

(3)     Plaintiff may designate a rebuttal expert and provide any disclosure required by Rule 26(a)(2) on the issue of invalidity of the Patents-in-Suit no later than **June 7, 2016**;

(4)     All expert depositions must be completed no later than **June 23, 2016**;

(5)     The date for the Final Trial Preparation Conference and the commencement of the trial remain set, unless otherwise ordered by Judge Wiley Y. Daniel.

DATED:  April 26, 2016                                    BY THE COURT:

                                                          s/ Nina Y. Wang
                                                          Nina Y. Wang
                                                          United States Magistrate Judge